JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| LUCIA CORTEZ, individually and as, successor and heir of LORENZO CORTEZ, deceased, RACHEL KAUFMAN, individually and as successor and heir of SHLOMO MIZRACHI, deceased,<br><br>Plaintiffs,<br><br>v.<br><br>PARKWEST REHABILITATION CENTER LLC, a California corporation; CRYSTAL SOLORZANO, an individual, and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. CV 21-05172 AB (ASx)<br><br>**ORDER GRANTING MOTION FOR REMAND; ORDER DENYING AS MOOT MOTION TO DISMISS** |

1.

Before the Court is a Motion for Remand ("Motion," Dkt. No. 13) filed by Plaintiffs Lucia Cortez and Rachel Kaufman ("Plaintiffs"). Defendants Parkwest Rehabilitation Center, LLC and Crystal Solorzano ("Defendants") filed an opposition. ("Opp'n," Dkt. No. 20). Plaintiffs filed a reply. ("Reply," Dkt. No. 22). Also before the Court is a Motion to Dismiss (Dkt. No 10) filed by Defendants. Plaintiffs opposed, Dkt. Nos. 15, 16, and Defendant replied, Dkt. Nos. 17, 18. The Court heard oral argument on August 20, 2021 and took the matter under submission. *See* Dkt. No. 23. For the following reasons, the Motion to Remand is **GRANTED**, and thus, the Motion to Dismiss is **DENIED AS MOOT**.

## I. BACKGROUND

Plaintiffs' Complaint (Dkt. No. 1-2) alleges as follows. Decedents Lorenzo Cortez and Shlomo Mizrachi were elderly residents of a Parkwest Rehabilitation Center LLC nursing home. Compl., ¶ 3. Plaintiffs allege that in April and May of 2020, Parkwest's leadership learned that multiple members of its staff were tested or were suspected of having COVID-19 yet did not inform residents or their families and continued to allow the staff to work. Compl., ¶ 23. Plaintiffs further allege that Parkest knew, or had reason to know fellow residents were also infected. Compl., ¶ 24. Mr. Cortez and Mr. Mizrachi contracted COVID-19 at Defendant's nursing home and died shortly thereafter. Compl., ¶ 24. Plaintiffs allege that Defendants failed to protect its residents from COVID-19 and thus failed to implement proper control and prevention protocols. Based on these allegations, Plaintiffs assert claims for negligence or willful misconduct, elder abuse, negligence, and wrongful death.

Plaintiffs filed their Complaint in the Superior Court of the State of California on April 20, 2021.

On June 25, 2021, Defendants removed this case to this Court, asserting subject matter jurisdiction on three grounds: (1) the federal officer statute 28 U.S.C. § 1442(a)(1), given the CDC's ongoing directives to respond to and control the COVID-19 pandemic; (2) complete preemption pursuant to the PREP Act, 42 U.S.C. §§ 247d-

6d, 247d-6e; and (3) the *Grable* doctrine. *See* Notice of Removal (Dkt. No. 1).

Plaintiffs now move for remand, arguing that the Court lacks subject matter jurisdiction. This Court and other courts in the Central District of California have already addressed these questions in the context of state law tort suits arising out of COVID-19 deaths in care facilities. *See, e.g., Todd M. Swick v. Canoga Healthcare, Inc. et al* (CV 21-02876-AB-RAOx) and *Domenic Romeo v. Canoga Healthcare, Inc.* (CV 21-02918-AB-RAOx) *Martin v. Serrano Post Acute LLC*, No. CV 20-5937 DSF (SKX), 2020 WL 5422949, at *1 (C.D. Cal. Sept. 10, 2020); *Jackie Saldana v. Glenhaven Healthcare LLC*, No. CV-205631-FMO-MAAX, 2020 WL 6713995, at *1 (C.D. Cal. Oct. 14, 2020); *Est. of McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *1 (C.D. Cal. Mar. 1, 2021); *Smith v. Colonial Care Ctr., Inc.*, No. 2:21-CV-00494-RGK-PD, 2021 WL 1087284, at *1 (C.D. Cal. Mar. 19, 2021); *Stone v. Long Beach Healthcare Ctr., LLC*, No. CV 21-326-JFW(PVCX), 2021 WL 1163572, at *1 (C.D. Cal. Mar. 26, 2021); *Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *1 (C.D. Cal. Apr. 6, 2021). In each of these cases, the Court found that it lacked subject matter jurisdiction and remanded the case to state court. Defendants argue that these courts too narrowly interpret the PREP act and misconstrue Congress's and HHS's intent. Defendants ask this Court to follow the decisions in *Garcia v. Welltower OpCo Grp. LLC*, No. SACV2002250JVSKESX, 2021 WL 492581, at *1 (C.D. Cal. Feb. 10, 2021) and *Rachal v. Natchitoches Nursing & Rehab Center LLC*, Civil Docket No. 1:21-CV-00334 *11 (W.D. La. April 30, 2021). However, the Court explains below why it declines to follow the reasoning of *Garcia* and *Rachal*. Once again, the Court finds the weight of opinion of its sister courts persuasive, and accordingly this Order relies on them.

//

//

3.

## II. REQUEST FOR JUDICIAL NOTICE

The Court may take judicial notice of facts not subject to reasonable dispute that are either "generally known" in the community, or "capable of accurate and ready determination" by reference to sources whose accuracy cannot be reasonably questioned. Fed. R. Evid. 201(b).

Here, Defendants request that the Court take judicial notice of official acts of the United States Health and Human Services Secretary ("HHS") and his office, the official acts of federal state administrative agencies such as the Center for Disease Control ("CDC"), the Centers for Medicare and Medicaid Services ("CMS"), the California Department of Public Health ("CDPH"), and court filings from similar cases. *See* Defendants' Request for Judicial Notice (Dkt. No. 21). "Under Rule 201, the court can take judicial notice of 'public records and government documents available from reliable sources on the internet' such as websites run by government agencies." *U.S. ex rel. Modglin v. DJO Glob. Inc.*, 48 F. Supp. 3d 1362, 1382 (C.D. Cal. 2014), *aff'd sub nom. United States v. DJO Glob., Inc.*, 678 F. App'x 594 (9th Cir. 2017). Because these documents are matters of public record and available from reliable sources on the internet, the Court finds that they are not subject to reasonable dispute  Thus, Defendants' request is **GRANTED**.

## III. LEGAL STANDARD

A defendant may remove a civil action filed in state court to federal district court when the federal court has original jurisdiction over the action. 28 U.S.C. §1441(a). "The burden of establishing jurisdiction falls on the party invoking the removal statute, which is strictly construed against removal." *Sullivan v. First Affiliated Sec., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987) (internal citations omitted); *see also Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996). "The 'strong presumption' against removal jurisdiction means that the defendant always

has the burden of establishing that removal is proper." *Gaus v. Miles, Inc.*, 980. F.2d 564, 566 (9th Cir. 1992). If any doubt exists as to the right of removal, federal jurisdiction must be rejected. *Id*. at 566–67; *see also Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009) (citing *Id*. at 566) ("[T]he court resolves all ambiguity in favor of remand to state court.").

## IV. DISCUSSION

Defendants argue that this Court has subject matter jurisdiction on three independent grounds: (a) federal officer removal; (b) complete preemption under the PREP Act, and (c) embedded question of federal law under the *Grable* doctrine. Plaintiffs respond that none of these grounds applies here.

### A. Federal Officer Removal

Federal officer removal is available under 28 U.S.C. § 1442(a) if "(a) [the removing party] is a 'person' within the meaning of the statute; (b) there is a causal nexus between its actions, taken pursuant to a federal officer's directions, and plaintiff's claims; and (c) it can assert a 'colorable federal defense.'" *Fidelitad, Inc. v. Insitu, Inc.*, 904 F.3d 1095, 1099 (9th Cir. 2018). This is an exception to the well-pleaded complaint rule, which typically requires a federal question to be pleaded in the complaint in order for the court to have subject matter jurisdiction based on a federal question. *See N.G. v. Downey Reg'l Med. Ctr.,* 140 F.Supp.3d 1036, 1039 (C.D. Cal 2015).

There is no dispute that the removing parties are persons for purposes of the statute. The next inquiry is whether Defendants acted "pursuant to a federal officer's directions," whether there is a "causal nexus" between Defendants' actions and Plaintiffs' claims, and whether Defendants can assert a colorable federal defense. Defendants point to government regulations and public directives regarding the response to the COVID-19 pandemic. The court in *Fidelitad* noted that, "[f]or a private entity to be acting under a federal officer, the private entity must be involved in an effort to assist, or to help carry out, the duties or tasks of the federal superior."

*Fidelitad, Inc.,* 904 F.3d at 1095. Further, a "private firm's compliance (or noncompliance) with federal laws, rules, and regulations does not by itself fall within the scope of the statutory phrase 'acting under' a federal 'official.' And that is so even if the regulation is highly detailed and even if the private firm's activities are highly supervised and monitored." *Watson v. Philip Morris Companies, Inc.*, 551 U.S. 142, 153 (2007).

Defendants argue that the government regulations and public directives implemented during the COVID-19 pandemic are tantamount to directions from a federal officer. For instance, Defendants argue that federal authorities have been "explicitly guiding" Defendants, as members of the nation's critical infrastructure, in their operational decisions related to clinical pandemic response in nursing homes and residential care facilities. Opp'n at 20. Facilities were instructed on, amongst other things, which patients and staff to test for COVID-19, under what circumstances to use and how to conserve PPE, when to permit staff who had COVID-19 to return to work, how to mitigate staff shortages including when to permit COVID-19 positive but asymptomatic staff to return to work, and how to handle the isolation of residents infected with COVID-19 and those under investigation for COVID-19. *Id.* Defendants argue that these very detailed clinical directives and instructions represented a marked departure from any regulatory structure that may have existed before the pandemic, as these entities acted under federal authority to assist the government in combatting the pandemic. *Id.*

In *Saldana v. Glenhaven Healthcare LLC*, 20-cv-5631, 2020 WL 6713995, at *3 (C.D. Cal. Oct. 14, 2020), defendants argued that "in taking steps to prevent the spread of COVID-19, [they] did so in compliance with CDC and CMS directives, which were aimed at helping achieve the federal government's efforts at stopping or limiting the spread of COVID-19." The court found that such general regulations and public directives were "insufficient" to confer jurisdiction under the federal officer

6.

removal statute. *Id.* Similarly, while the government and the CDC may have had highly detailed guidance which was specifically tailored for hospitals, nursing homes, or other critical frontline workers, this Court is not persuaded that the CDC's various and ongoing guidance in response to the pandemic means that Defendant was "acting under" a federal official. "[M]erely being subject to federal regulations or performing some functions that a government agency controls is not enough to transform a private entity into a federal officer." *Panther Brands, LLC, v. Indy Racing League, LLC,* 927 F.3d 586, 590 (7th Cir. 2016).

Furthermore, there is no causal link between Defendants' actions and Plaintiffs' claims. Rather, Plaintiffs' claims are directed towards the inactions of Defendant. This distinction serves to weaken Defendants' federal officer argument. As this finding precludes federal officer jurisdiction, the Court need not reach the other elements of the statute to conclude that removal is not justified on this basis. *Nava v. Parkwest Rehab. Ctr. LLC*, No. 220CV07571ODWAFMX, 2021 WL 1253577, at *2 (C.D. Cal. Apr. 5, 2021).

Accordingly, the Court finds that Defendant has not established that removal was proper based on the federal officer removal statute.

**B. Complete Preemption**

Under the doctrine of complete preemption, a state law claim can be considered to arise under federal law if "Congress intended the scope of federal law to be so broad as to entirely replace any state-law claim." *Retail Prop. Tr. v. United Bhd. of Carpenters & Joiners of Am.*, 768 F.3d 938, 947 (9th Cir. 2014) (quoting *Dennis v. Hart*, 724 F.3d 1249, 1254 (9th Cir. 2013)). Complete preemption that confers federal question jurisdiction is very rare. *See City of Oakland v. BP PLC*, 969 F.3d 895 (9th Cir. 2020) ("The Supreme Court has identified only three statutes that meet this criteria [for complete preemption].").

In the Ninth Circuit, "complete preemption for purposes of federal jurisdiction

7.

under § 1331 exists when Congress: (1) intended to displace a state-law cause of action, and (2) provided a substitute cause of action." *City of Oakland v. BP PLC*, 969 F.3d 895, 905–06 (9th Cir. 2020) (citing *Hansen v. Grp. Health Coop.*, 902 F.3d 1051, 1057 (9th Cir. 2018)). The PREP Act does not satisfy the Ninth Circuit's two-part complete preemption test. *See, e.g., Stone v. Long Beach Healthcare Ctr., LLC*, CV 21-326-JFW (PVCx), 2021 WL 1163572, at *5–7 (C.D. Cal. Mar. 26, 2021) (collecting cases and concluding PREP Act does not satisfy Ninth Circuit complete preemption test); *Est. of McCalebb v. AG Lynwood, LLC*, No. 2:20-CV-09746-SB-PVC, 2021 WL 911951, at *3-*6 (C.D. Cal. Mar. 1, 2021) (finding no complete preemption). The Court acknowledges that the *Garcia* and *Rachal* Courts did find complete preemption. But such courts solely deferred to opinions of the HHS Secretary, and did not address the Ninth Circuit's two-part test, so they are not persuasive.

If Defendants believe that some or all of Plaintiffs' state law claims are *barred* by the PREP Act, filing a demurrer in state court is an option available to Defendants. If the state court dismisses the state law claims, Plaintiffs could then decide whether they wish to file claims under the PREP Act in the U.S. District Court for the District of Columbia, the court with exclusive jurisdiction over such claims. *See* 42 U.S.C. § 247d-6d(e)(1).

The Court joins its previous decisions in *Todd M. Swick v. Canoga Healthcare, Inc. et al* (CV 21-02876-AB-RAOx) and *Domenic Romeo v. Canoga Healthcare, Inc.* (CV 21-02918-AB-RAOx), as well as the weight of district court opinion that the PREP Act does not completely preempt the claims herein, and thus provides no basis for removal of this action.

**C. Imbedded Federal Question**

Defendants also argue that the *Grable* doctrine applies. Under the *Grable* doctrine, in order for a state law claim to provide federal question jurisdiction, the

"state law claim [must] necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). The Supreme Court has stated "federal jurisdiction over a state law claim will lie if a federal issue is: (1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress." *Gunn v. Minton*, 568 U.S. 251, 258 (2013). "[I]t is not enough that the federal issue be significant to the particular parties in the immediate suit; that will always be true when the state claims 'necessarily raise[s]' a disputed federal issue, as *Grable* separately requires. The substantiality inquiry under *Grable* looks instead to the importance of the issue to the federal system as a whole." *Gunn*, 568 U.S. at 260.

Plaintiffs point out that the *Grable* doctrine relies on the claims made by the plaintiff, not the defenses raised by the defendant. Here, Plaintiffs have raised a standard medical negligence and elder abuse claim arising under California law and that does not *necessarily raise* a federal issue. Defendants are the only parties that raise a federal issue, for example in asserting their immunity defense under the PREP Act. Accordingly, the Court does not have subject matter jurisdiction based on an embedded federal question under *Grable*. *Accord Winn v. California Post Acute LLC*, No. CV2102854PAMARX, 2021 WL 1292507, at *5 (C.D. Cal. Apr. 6, 2021).

## V. CONCLUSION

For the foregoing reasons, the Court finds that Defendant has not established that this Court has subject matter jurisdiction over Plaintiffs' claims. The Court therefore **GRANTS** Plaintiffs' Motion for Remand and **ORDERS** the Clerk of Court to remand this matter to the Superior Court of California, County of Los Angeles. In light of the Court's conclusion that it lacks subject matter jurisdiction, Defendants'

pending Motion to Dismiss is not for this Court to decide, and is therefore **DENIED,** without prejudice.

   **IT IS SO ORDERED.**

Dated: September 03, 2021

_____
HONORABLE ANDRÉ BIROTTE JR.
UNITED STATES DISTRICT COURT JUDGE